**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50523 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00517-JLS-1 |
| v. | |
| JOSE FERNANDO VILLEGAS-GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: BERZON, CLIFTON, and IKUTA, Circuit Judges.

Jose Fernando Villegas-Gutierrez appeals his jury conviction for illegal

reentry after deportation, in violation of 8 U.S.C. § 1326. We affirm the judgment

of the district court.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The district court did not err in refusing to provide Villegas's requested jury instruction on official restraint. There was no evidence in the record that Villegas was under continuous surveillance at any time before or after he crossed the border into the United States. *See United States v. Bello–Bahena*, 411 F.3d 1083, 1089 (9th Cir. 2005) (stating that a defendant is entitled to a jury instruction when the instruction is "supported by law" and has "some foundation in the evidence" (quoting *United States v. Fejes*, 232 F.3d 696, 702 (9th Cir. 2000))). The only evidence of actual surveillance was the triggering of a seismic sensor at the border which, under our case law, does not constitute official restraint. *See United States v. Vela-Robles*, 397 F.3d 786, 789 (9th Cir. 2005).

The presence of remote-controlled, 24-hour cameras in the area where Villegas was apprehended does not constitute sufficient evidence that Villegas entered the United States under continuous observation to merit an official restraint instruction. In *United States v. Castellanos-Garcia*, we rejected as "mere speculation" the defendant's argument that he could have been observed by one of the fifteen or more Border Patrol agents in the area where he was arrested. 270 F.3d 773, 776 (9th Cir. 2001). Villegas's argument that he may have been under camera surveillance is equally speculative, particularly because the arresting Border Patrol agent testified that he received no notification regarding Villegas's

location after the sensor was triggered, and because it is unlikely that such information would have been withheld if Villegas had been spotted by agents monitoring Border Patrol cameras. Accordingly, while Villegas's proposed jury instruction on official restraint was supported by law, it lacked any foundation in the evidence. The district court did not err in declining to issue it.

2. The district court did not abuse its discretion in admitting the challenged testimony of the A-file custodian. The court's *in limine* ruling reserved the possibility of defense objections to the custodian's testimony at trial for lack of foundation. No such objection was made. Nor was admission of the custodian's statements plain error, as the statements did not obviously require that the custodian be qualified as an expert.

3. Finally, even assuming that the district court's limitations on cross-examination of the A-file custodian violated the Confrontation Clause, any error was harmless beyond a reasonable doubt. *See United States v. Schoneberg*, 396 F.3d 1036, 1044 (9th Cir. 2005). Villegas was not prejudiced by the district court's restriction. The existence of alternative ways to apply for readmission other than Form I-212 was not pertinent to the elements of the offense under § 1326. The relevant question was not whether there was any evidence that Villegas had *applied* for permission to reenter but whether there was any evidence that he had

*received* such permission. The A-file custodian's testimony concerning his search of Villegas's records was sufficient to indicate that no such permission had been given. The court's limitation on cross-examination regarding the possible methods of applying for permission could not have affected the jury's assessment of the evidence concerning whether any permission was actually given.

The judgment of the district court is AFFIRMED.